IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Criminal No. 1:14-CR-261 |
| v. | ) | |
| | ) | The Honorable Gerald Bruce Lee |
| ROLANDO FELICIANO, | ) | |
| | ) | |
| Defendant. | ) | Hearing: September 26, 2014 |
| | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE AND OPPOSITION TO THE TO DEFENDANT'SMOTION FOR A BILL OF PARTICULARS**

The defense moves this Court to for a bill of particulars requesting further details with respect to both Count One and Two of the Indictment. For Count One, the defense seeks details on when the images of child pornography were created and transmitted. For Count Two, the defense seeks details about what specific illegal sexual activity is at issue. For both issues, the government has provided the defense with full discovery, putting the defense in as good a place as the government to prepare for trial. A bill of particulars in this case would amount to a Court order to have the government create discovery – likely by re-interviewing the child victim – in an attempt to provide more specific details. The Court should deny the defense's request for a bill of particulars.

# ARGUMENT

## I. Factual Background

In March 2014, Detective Blake Allbritton, assigned to the Child Exploitation Squad of the Fairfax County Police Department's Criminal Investigations Bureau, received information from a School Resource Officer (SRO) stating that a thirteen year old female (hereafter referred to as the "Juvenile") was being solicited by a forty-nine year old male from New Jersey. The Juvenile lives in Fairfax County and attends middle school in Fairfax County, Virginia.

On February 21, 2014, the SRO was advised by the school secretary that a male called the school stating he was the Juvenile's father and that there was an emergency and he needed to speak with her. The male was told the Juvenile was in class, and he hung up. Shortly afterwards, the Juvenile was removed from class, and she called home and spoke to her mother, who stated there was no emergency. The mother contacted her husband who stated he did not call the school.

The Juvenile's father spoke to the SRO and stated he was worried his daughter was involved in a relationship with an older male whom she met on Facebook. The SRO learned that the Juvenile had been observed on several occasions waiting in the street in front of the school, appearing to wait for a ride.

On March 12, 2014, Detective Allbritton interviewed the Juvenile at her school in Fairfax County. Based on that interview and subsequent interviews with law enforcement, the Juvenile stated the following: she met the male, later

identified as Rolando Feliciano, on Facebook in July 2013. The Juvenile stated that Feliciano was forty-nine years old and lived in Elizabeth, New Jersey.

The Juvenile stated that she told Feliciano on multiple occasions that she was thirteen years old. She also stated that her birthday was listed on her Facebook page. She further stated that on three occasions in the fall/winter of 2013, Feliciano drove to the Juvenile's middle school in Fairfax County, Virginia and picked her up on the street in front of the school. They then drove to a nearby park where they engaged in sexual activity, including oral sex.[1] Afterwards, Feliciano dropped her back at school in order for her to catch the late bus home.

The Juvenile stated that they communicated using Facebook, Skype, Facetime, text message and phone calls from July 2013 through March 2014. She further stated that in November 2013, Feliciano bought her an Apple iPhone. Since November 2013, they used the iPhone as their primary means of communication.

The Juvenile and Feliciano engaged in sexually explicit conversations using text message, phone conversations and Facetime. The Juvenile stated that on multiple occasions, Feliciano requested pictures of her without clothes, which she sent. Feliciano also requested pictures of the Juvenile engaged in sexually explicit conduct, which she also sent. Feliciano sent pictures of himself without clothes to the Juvenile as well. The Juvenile could not recall exactly how many sexually explicit pictures she sent Feliciano, but stated that it was "a ton."

---

[1] The Juvenile did not initially disclose that she had engaged in oral sex with Feliciano.

As part of the investigation, Detective Allbritton retrieved the iPhone given to the Juvenile. A forensics examination could not be completed on the iPhone because the information was remotely deleted by Feliciano. The Juvenile stated that Feliciano deleted the data because her parents found the iPhone the weekend prior to her interview with law enforcement. According to the Juvenile, Feliciano became angry because she had stopped responding to his text messages, and he remotely deleted the entire contents of the iPhone.

In March 14, 2014, Feliciano was arrested and charged by the Commonwealth of Virginia based on his conduct in this case.[2] At the time of his arrest, an iPhone belonging to Feliciano was seized. A forensic examination was completed on Feliciano's iPhone. Several clothed images of the Juvenile were recovered from the phone. In addition, phone logs and text messages to the Juvenile were also located. In several of these messages, the Juvenile indicated that she had taken pictures of herself for Feliciano. For example, on February 13, 2014, the Juvenile sent Feliciano a message stating, "I took some pictures if you want them."[3] Another message sent on that date stated, "☹ this is the one I wanted to send you." On February 17, 2014, the Juvenile wrote, "Look Rolando if I don't know anything about how to make you feel god it's because of my damn age ok maybe you should understand that okay."

---

[2] Those charges were eventually dropped in favor of federal charges.
[3] The messages between Feliciano and the Juvenile were in Spanish, and they have been translated for this Complaint.

Several messages were located from Feliciano to the Juvenile in which Feliciano threatened to kill himself because the Juvenile did not respond promptly to him. For example, on February 21, 2014, Feliciano wrote, "No location ah gps no location it's fine okay have a good time okay my death is in your hands okay." On February 22, Feliciano stated, "This is the respect that I deserve from you ah after 7 months with you being only for you ah this is what I deserve ah thank you for being like this okay." Later that day, he wrote, "I swear to you that I'm going to kill myself okay kill today." On March 5, 2014, Feliciano wrote to the Juvenile, "I love you but I'm sending you to the shit if you are unfaithful."

A search warrant was executed for Feliciano's property in Elizabeth, New Jersey by detectives with the New Jersey State Police. The apartment was empty and an interview was conducted with Rolando Feliciano's brother. He stated that at Rolando's request, he moved the contents of the apartment to a storage locker he [Rolando's brother] owned. Rolando's brother granted consent for detective's to search his storage locker. A Dell computer and cellular phones belonging to Rolando Feliciano were recovered and shipped to the Fairfax County Police Department for a forensic examination.

Detective Allbritton obtained a Virginia state search warrant for the computer media that was recovered from the storage locker, and a forensic examination was conducted on that computer media. In addition, Detective Allbritton obtained a state search warrant for Feliciano's Apple iTunes account. Based on a forensic review of the computer media, several images of the Juvenile

were located, including images of the Juvenile's breasts and vagina. In addition, the forensic review located several pictures of the Juvenile and Feliciano together, including pictures of them kissing.

After obtaining these images, Detective Allbritton interviewed the Juvenile again. In particular, Detective Allbritton located an image that depicted a close up shot of a vagina being spread apart by two fingers with silver nail polish. Without being shown the picture, the Juvenile was able to describe the image, and she stated that it was of her. Specifically, she stated that Feliciano asked her to take a picture in which she spread open her vagina with her fingers. She further stated that she wore silver nail polish in that picture.

Detective Allbritton also showed the Juvenile the images of her kissing Feliciano. The Juvenile recognized the pictures and stated that they were taken in the fall of 2013 when Feliciano picked her up from school.

The forensic examination of Feliciano's computer media also included several messages in which Feliciano and the Juvenile discussed showers and bathing. During his follow-up interview with the Juvenile, Detective Allbritton asked about these messages. The Juvenile stated that on numerous occasions Feliciano asked her to take her iPhone into the shower with her so that they could watch each other shower using Facetime.

## II. Legal Background

An indictment fulfills the requirements of the Federal Rules of Criminal Procedure when it is a "plain, concise and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(l); *United States v. Duncan*, 598 F.2d 839, 848 (4th Cir. 1979), *cert. denied*, 444 U.S. 871 (1979); *United States v. Brown*, 784 F. Supp. 322, 323 (E.D. Va. 1992). Additionally, in *Hamling v. United States,* 418 U.S. 87, 117 (1974), the Supreme Court held that an indictment is proper if it: (1) contain[s] the elements of the charged offenses; (2) give[s] the defendant adequate notice of the charges; and (3) protect[s] the defendant against double jeopardy." *See also Duncan*, 598 F.2d at 848; *and United States v. Williams,* 152 F 3d. 294, 299 (4th Cir. 1998).

The purpose of a bill of particulars is not to provide detailed disclosure of the government's evidence prior to trial, but rather to fairly inform a defendant of the charges so that the defendant may adequately prepare a defense, avoid or minimize surprise at trial, and plead in bar of another prosecution for the same offense. *Wong Tai v. United States*, 273 U.S. 77, 82-83 (1927); *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996), *cert. denied*, 519 U.S. 857 (1996); *United States v.* Automated *Medical Laboratories, Inc.*, 770 F.2d 399, 405 (4th Cir. 1985); *United States v. Dulin,* 4l0 F.2d 363, 364 (4th Cir. l969). Indeed, bills of particulars should be denied where underlying evidentiary matter is requested. Bills of particulars are not designed to compel the government to disclose its theory of the case, its witnesses, or a detailed description of the manner and means by which the crime

was committed. *See, e.g., United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (holding that no elaboration was necessary in a case involving conspiracy to distribute marijuana); *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976) (restating prior circuit precedent setting forth limited purposes of bill of particulars); *United States v. Armocida*, 515 F.2d 49, 54-55 (3d Cir. 1975) ("request for 'wholesale discovery of the Government's evidence' . . . is not the purpose of a bill of particulars"); *United States v. Perez*, 489 F.2d 51, 70-7l (5th Cir. 1973) (holding that no bill of particulars was required in the context of a mail fraud prosecution).

Similarly, the government is not required to reveal the details of its evidence or the precise manner in which the prosecution will attempt to prove the charges alleged. *United States v. Gia Le*, 310 F. Supp. 2d 763, 781-82 (E.D. Va. 2004). *See also, e.g., United States v. Atisha*, 804 F.2d 920, 924 (6th Cir. 1986) (recognizing that the government need not elaborate where it has met or exceeded discovery obligations with an "open file" policy); *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (holding that a bill of particulars was unnecessary in a bank robbery case); *United States v. Hajecate*, 683 F.2d 894, 898 (5th Cir. l982) (citing additional Fifth Circuit precedent); *United States v. Brevard*, 27 F.R.D. 250, 251 (S.D.N.Y. 1961) (denying motion in context of conspiracy to transport heroin, where the government provided only some of the discovery requested by defendants). The defendants are not entitled to have the government specify the details of overt acts already set forth in the indictment. *United States v. Kilrain*, 566 F.2d at 985; *United States v. Armocida*, 515 F.2d at 54; *United States v. Carroll*, 510 F.2d 507,

509 (2d Cir. 1975). Nor, are they entitled to have the government furnish the precise manner in which the crimes charged in the indictment were committed. *United States v. Andrews*, 381 F.2d at 377-78; *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973), *aff'd*, 417 U.S. 211 (1974).

Finally, where the underlying objectives of a Rule 7 motion are fully satisfied by informal and formal discovery, defendants are not also entitled to an unnecessary bill of particulars. *See United States v. Society of Ind. Gasoline Marketers of America*, 624 F.2d 461, 466 (4th Cir. 1979) (recognizing adequacy of discovery in the context of antitrust violations); *Duncan*, 598 F.2d at 849 (holding that the defendant was not entitled to a bill of particulars where the government had opened its files for inspection); *United States v. Schembari*, 484 F.2d 931, 935 (4th Cir. 1973) (holding that by making entire file available to defense, prosecution obviated need for bill of particulars); *Anderson*, 481 F.2d at 691 (holding that trial court did not abuse its discretion by denying defendant's motion where the government expressed willingness to respond to reasonable discovery requests); *United States v. Gia Le*, 310 F. Supp. 2d at 781-82. *Accord*: *United States v.* Clay, 476 F.2d 1211, 1215 (9th Cir. 1973) (holding that no abuse of discretion occurred where court ensured that defendant received full discovery).

"A large volume of information, including physical evidence… grand jury testimony, and memoranda [summarizing witness statements and other aspects of the investigation]" also provides the defendant with proper notice, and "[f]ull discovery obviates the need for a bill of particulars." *United States v. Giese,* 597

F.2d 1170, 1180 (9th Cir. 1979); *United States v. Pottorf*, 769 F. Supp. 1176, 1182 (D. Kan. 1991) (denying motion where defendant was "merely seeking disclosure of the evidentiary details of the government's case"); *United States v. Massino*, 605 F. Supp. 1565, 1582 (S.D.N.Y. 1985) (stating that a bill of particulars is not an "investigative tool which a defendant can use to force the government to preview its evidence or expose its legal theory"), *rev'd on other grounds*, 784 F.2d 153 (2d Cir. 1986); *United States v. Boffa*, 513 F. Supp. 444, 484-85 (D. Del. 1980) (denying motion for bill of particulars to avoid "'freezing' the Government's evidence in advance of trial"); *United States v. Deerfield Specialty Papers*, 501 F. Supp. 796, 810 (E.D. Pa. 1980) (viewing defendant's motion as a request for a "pretrial script"); *United States v. Leonelli*, 428 F. Supp. 880, 882-83 (S.D.N.Y. 1977) (stating emphatically that the government need not preview its case or expose its legal theory). A defendant can synthesize information through his own reasonably diligent efforts. *United States v. Henry*, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994); *United States v. Konefal*, 566 F. Supp. 698, 702 (N.D.N.Y. 1983); *Deerfield Specialty Papers*, 501 F. Supp. at 810; *United States v. Greater Syracuse Board of Realtors*, 438 F. Supp. 376, 381 (N.D.N.Y. 1977). Ultimately, the discovery process is the key final piece in ensuring the defendant is sufficiently aware of the charges against him. A bill of particulars for any additional information is therefore inappropriate.

### III. Analysis

### A. The Date The Child Pornography Images Were Created

The Fourth Circuit has held, "where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required." *United States v. Kimberlin,* 18 F.3d 1156, 1159 (4th Cir. 1994). The indictment in this case is therefore not unconstitutionally vague based simply on the fact that the government has failed to prove a specific date. *United States v. Synowiec,* 333 F.3d 786, 791 (7th Cir. 2003). The Eighth and Sixth Circuits have further explained that a bill of particulars is not necessary for clarification when an indictment covers "fairly large time windows in the context of child abuse prosecutions [and] are not in conflict with constitutional notice requirements because of the inherent difficulties in investigating and prosecuting child abuse." *United States v. Beasley,* 688 F.3d 23, 533 (8th Cir. 2012) *quoting Valentine v. Koneth,* 395 F.3d 626, 632 (6th Cir. 2005); s*ee United States v. Youngman, 481 F.3d 1015 (9th Cir. 2007); Fawcett v. Baltic,* 962 F.2d 617 (7th Cir. 1992). *See also United States v. Roman,* 728 F.2d 846 (7th Cir. 1984) (court upheld sufficiency of indictment charging a drug distribution conspiracy over an eleven-month, five-year period).

"Certainly prosecutors should be as specific as possible in delineating the time frames of charged offenses, but courts must acknowledge the reality that frequently child victims are limited in their perception of time and faculties to define the trauma of sexual abuse they may have endured much earlier in their

lives." *United States v. Scott,* No. CR. 07-30112, 2008 WL 1733193 (D.S.D. April 14, 2008) (unpublished).

While a defendant has the right to notice of the charges against him to prepare a defense, "[a] defendant does not have a constitutional right to assert an alibi defense in every case; an alibi defense can be asserted only in those cases in which the facts support [it]." *United States v. Hawpetoss,* 388 F. Supp.2d 952, 966 (E. D. Wis. 2005). Indeed, and particularly in child sex abuse cases, [t]he "trial…centers on a basic credibility issue- the victim testifies to a series of molestations, and the defendant denies that any wrongful touching occurred." *Hawpetoss,* 388 F. Supp.2d at 966.

The government does not have an obligation to provide a specific chronology of events to the defense in this case, especially given the nature of the charges and the discovery provided to the defense. Beyond the time frame discussed in the Factual Background portion of this memorandum, the government has not yet been able to determine the precise date and time when the child pornography images that are the subject of Count One were produced and transmitted. The government has provided the defense with full discovery related to the images at issue, including access to the images and forensic metadata supporting those images. As such, the defense is in the same position as the government to determine the precise time and date that the pictures were produced and transmitted. As a result, this Court should deny a bill of particulars directing the government to produce data that it does not have.

In the course of preparing this case for trial, the government (or the defense) may be able to determine the precise date and times at issue. For example, further forensic analysis of EXIF data, metadata such as created on dates, and other artifacts on the computer media, such as Feliciano's iPhone, may be able to provide a definite date for when the pictures were taken. In addition, during further interviews with the Juvenile victim in this case, she may provide a more definite time frame for when the pictures were taken. In either case, should the government determine a more definite date for the images, it will provide that information to the defense.

**B. The Precise Sexual Activity At Issue in Count Two**

Beyond the description of sexual activity included in the Factual Background portion of this memorandum, the government does not have a more detailed account of what sexual activity Feliciano engaged in with the Juvenile. As discussed above, the government is not required to provide a detailed chronology of precisely what sexual activity occurred at what moment. *See United States v. Scott,* No. CR. 07-30112, 2008 WL 1733193 (D.S.D. April 14, 2008) (unpublished); *United States v. Hawpetoss,* 388 F. Supp.2d 952, 966 (E. D. Wis. 2005). Given the nature of child sexual abuse cases, it would often prove a fatal bar to prosecution if a Court required, in response to a motion for a bill of particulars, to have the government set forth such a detailed chronology.

Here, the government has provided an account of the sexual activity as described by the Juvenile. In addition, the defense has access to the forensic evidence, including pictures of Mr. Feliciano kissing the Juvenile, which supports the Juvenile's account. In the course of preparing this case for trial, the government will conduct additional interviews with the Juvenile victim. Should she disclose additional details about the sexual activity that is at issue in Count Two, the Government will provide that information to the defense.

## Conclusion

The defense's motion to suppress should be denied.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
Matt Gardner
Assistant United States Attorney
Eastern District of Virginia
*Counsel for the United States*
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: matthew.gardner@usdoj.gov

Date: September 19, 2014

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing Response and Opposition to the Defendant's Motion with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filling (NEF), and I have also served by email a copy of the foregoing to the following:

>Geremy Kamens, Esq.
>1650 King Street, Suite 500
>Alexandria, Virginia 22314
>(703) 600-0800 office
>Geremy_kames@fd.org

>Respectfully submitted,
>
>Dana J. Boente
>United States Attorney
>
>By: _____/s/_____
>Matt Gardner
>Assistant United States Attorney
>Eastern District of Virginia
>*Counsel for the United States*
>2100 Jamieson Avenue
>Alexandria, VA 22314
>Phone: (703) 299-3700
>Fax: (703) 299-3980
>Email: matthew.gardner@usdoj.gov

Date: September 19, 2014