IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

OCT – 7 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:14-CR-261 |
| | ) | |
| ROLANDO FELICIANO | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia, Matt J.

Gardner, Assistant United States Attorney, the defendant, Rolando Feliciano, and the defendant's

counsel, Geremy C. Kamens, have entered into an agreement pursuant to Rule 11 of the Federal

Rules of Criminal Procedure. The terms of the agreement are as follows:

**1.    Offense and Maximum Penalties**

The defendant agrees to plead guilty to a Superseding Information charging the defendant

with one Count of Travel with Intent to Engage in Illicit Sexual Contact, in violation of Title 18,

United States Code, Section 2423(b), and one Count of Receipt of Child Pornography, in

violation of 18 U.S.C. 2252(a)(2).

The penalties for Count One, Travel with Intent to Engage in Illicit Sexual Contact, are a

maximum term of 30 years imprisonment, a fine of $250,000, full restitution, a $100 special

assessment, and a mandatory minimum of five years, to a maximum term of life, of supervised

release. The penalties for Count Two, Receipt of Child Pornography, are a minimum mandatory

term of 5 years imprisonment and a maximum term of 20 years imprisonment, a fine of

$250,000, full restitution, a $100 special assessment, and a mandatory minimum of five years, to

1

a maximum term of life, of supervised release. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

In exchange for the defendant's plea to the Superseding Information, the government agrees to dismiss Count One of the Indictment, production of child pornography in violation of 18 U.S.C. 2251(a), which carries a 15-year minimum mandatory sentence and Count Two of the Indictment, coercion and enticement in violation of 18 U.S.C. 2242(b), which carries a 10-year minimum mandatory sentence.

### 2. Detention Pending Sentencing

The defendant understands that this case is governed by Title 18, United States Code, Sections 3143(a)(2) and 3145(c). These provisions provide that a judicial officer shall order that a person who has been found guilty of an offense of this kind be detained unless there are statutory justifications why such person's detention would not be appropriate.

### 3. Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

### 4. Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain

2

rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**5.    Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what

sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

For Count One, pursuant to § 1B1.2(a), the parties agree that the factual basis for the plea agreement establishes a more serious offense than the offense of conviction. Specifically, the parties agree that the factual basis establishes that the defendant engaged in conduct that constitutes Online Coercion and Enticement of a Minor in violation of 18 U.S.C. 2422(b) and as a result, the guidelines for that offense under § 2G1.3 should apply.

Pursuant to § 2G1.3, the parties agree to recommend that the following Guidelines provisions are applicable:

(a)     the base offense level is 28 pursuant to § 2G1.3(a)(3);

(b)     the offense level is increased by 2 levels pursuant to § 2G1.3(b)(3) because the defendant's conduct involved the use of a computer;

(c)     the offense level is increased by 2 levels pursuant to § 2G1.3(b)(4) because the offense involved sexual contact.

For Count Two, the parties agree that the following provisions of the Sentencing Guidelines apply:

(a)     Under § 2G2.2(a)(2), the base offense level is 22;

(b)     Under § 2G2.2(b)(6), the offense level is increased by 2 because the offense conduct involving the use of a computer.

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

The parties agree that the defendant is in Criminal History Category I. The government agrees that it will not seek any enhancements under the Sentencing Guidelines that are not listed in this plea agreement. In addition, the parties will recommend concurrent time for Count One and Count Two. As a result, the parties will jointly recommend that the adjusted offense level is 29 and the guideline range is 87 to 108 months. At sentencing, the defense will recommend a sentence of 87 months, and the government will recommend a sentence of 108 months.

## 6.     Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section

5

3742(b).  The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

### 7.    Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

### 8.    Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury.  If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.  If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 9.    Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the indictment as an offense. In such a prosecution the United States may allege and prove conduct described in the indictment or statement of facts. "Crime of violence" has the meaning set forth in Title 18, United States Code, Section 16.

### 10.    Sex Offender Registration and Notification Act

The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where the defendant resides; is an employee; or is a student. The defendant understands that the requirements for registration include providing true name, residence address, and names and addresses of any places where the defendant is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of the defendant's name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment, or both.

11.    **Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying

8

this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

## 12.    Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel.  The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty.  Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.


Dana J. Boente
United States Attorney

By: _____
Matt J. Gardner
Assistant United States Attorney

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: Oct 7, 2014

Rolando Feliciano
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: Oct 7, 2014

Jeremy C. Kamens
Counsel for the Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

OCT - 7 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 1:14-CR-261 |
| | ) | |
| ROLANDO FELICIANO | ) | |
| | ) | |
| Defendant. | ) | |

<u>STATEMENT OF FACTS</u>

Had this matter gone to trial, the United States would have proved beyond a reasonable doubt the following:

1.     In or about July 2013, within the Eastern District of Virginia and elsewhere, the Defendant, Rolando Feliciano, began communicating with a13-year-old juvenile through the use of the social media internet site Facebook.  During the course of the Defendant's contact with the juvenile, the Defendant resided in New Jersey, and the juvenile resided within the Eastern District of Virginia.

2.     Between July 2013 and March 2014, the Defendant and the juvenile engaged in sexually explicit conversations by phone, through text messaging, and through the use of the communication application, Facetime.  These sexually explicit conversations were knowingly engaged in by the Defendant for the purpose of inducing or persuading the juvenile to engage in conduct connected with the active pursuit of libidinal gratification.

3.     Through the course of this communication, the juvenile sent and the Defendant received through the use of a means of interstate commerce an image that depicted the lascivious exhibition of the genitals and pubic area of the juvenile.

1

4.     In addition, between July 2013 and March 2014, the Defendant knowingly used a means of interstate commerce, including telephone and the internet, to arrange a meeting with the juvenile within the Eastern District of Virginia. The Defendant thereafter traveled in interstate commerce from New Jersey to the Eastern District of Virginia for the purpose of engaging in sexual activity in violation of 18.2-67.4:2 of the Code of Virginia.

5.     On March 14, 2014, the Defendant was arrested in the Eastern District of Virginia, and evidence of sexually explicit communications between the Defendant and the juvenile was found on the Defendant's phone.

6.     The purpose of this statement of facts is to admit conduct in violation of the charged offenses of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) and receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), as well as the offense of enticement in violation of 18 U.S.C. § 2422(b), in accordance with § 1B1.2(a) of the U.S. Sentencing Guidelines.

      The Defendant engaged in the conduct outlined above knowingly and intentionally and not by mistake or accident.

                              Dana J. Boente
                              United States Attorney


                    By: _Matt Gardner_____
                              Matt J. Gardner
                              Assistant United States Attorney

Defendant's Signature:  After consulting with my attorney and pursuant to the plea agreement entered into with the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: Oct 7, 2014

Rolando Feliciano
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case.  I have carefully reviewed the Statement of Facts with him.  To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: Oct 7, 2014

Jeremy C. Kamens
Counsel for the Defendant