IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 1:14-CR-261 |
| v. ) | |
| ) | Sentencing Date: January 9, 2015 |
| ROLANDO FELICIAONO, ) | |
| ) | The Honorable Gerald Bruce Lee |
| Defendant. ) | |

# POSITION OF THE UNITED STATES
# WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and Matt J. Gardner, Assistant United States Attorney, and in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A1.2, files this Position of the United States with Respect to Sentencing in the instant case. The United States asks the Court to impose a sentence of 108 months in custody. Such a sentence appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

# BACKGROUND

In July 2013, Feliciano made contact with 13 year old female through Facebook. Her age was posted on her Facebook profile. Between July 2013 and March 2013, Feliciano and the Juvenile communicated extensively, often many times per day. They communicated through phone calls, Facebook, Skype, FaceTime, and text messages. In November 2013, Feliciano purchased an iPhone which he gave to the Juvenile. She began using the iPhone as her main means of communicating with Feliciano. During the conversations, Feliciano led the Juvenile to

1

believe that he loved her and they were in a romantic relationship.  The conversations were frequently sexually explicit.

Feliciano and the Juvenile routinely exchanged pictures, including numerous sexually explicit pictures.  The Juvenile could not recall precisely how many sexually explicit pictures she sent to Feliciano, but she recalled that it was "a ton."

On three occasions in the fall and winter of 2013, Feliciano traveled from New Jersey to Fairfax, Virginia for the purpose of meeting the Juvenile and engaging in illicit sexual activity with her.  Once in Virginia, he picked her up from her middle school and drove her to a nearby parking lot.  Photographs were recovered from Feliciano's computer media that showed Feliciano and the Juvenile in his car kissing.

On March 14, 2014, Feliciano was arrested after traveling to Virginia to meet the Juvenile.  Law enforcement seized his iPhone and other computer media belonging to Feliciano that was in New Jersey.  A forensic review of that computer media showed hundreds of text messages between Feliciano and the Juvenile.  In addition, the forensic review showed numerous images of the Juvenile, including images of her partially clothed as well as sexually explicit pictures of her vagina.

On July 24, 2014, Feliciano was charged in an Indictment with one count of production of child pornography in violation of 18 U.S.C. 2251(a) and one count of coercion and enticement of a minor in violation of 18 U.S.C. 2242(b).  On October 7, 2014, Feliciano was charged in a two count Information with one count of traveling with intent to engage in illicit sexual conduct in violation of 18 U.S.C. 2423(b) and one count of receipt of child pornography in violation of 18 U.S.C. 2252(a)(2).  The same day, Feliciano pleaded guilty to both counts in the Information.

Pursuant to the plea agreement, the government moved to dismiss the two counts in the Indictment.

For Count One, pursuant to § 1B1.2(a), the factual basis for the plea agreement establishes a more serious offense than the offense of conviction. Specifically, the factual basis establishes that the defendant engaged in conduct that constitutes Online Coercion and Enticement of a Minor in violation of 18 U.S.C. 2422(b) and as a result, the guidelines for that offense under § 2G1.3 should apply. Pursuant to § 2G1.3, the following Guidelines provisions are applicable:

(a) the base offense level is 28 pursuant to § 2G1.3(a)(3);

(b) the offense level is increased by 2 levels pursuant to § 2G1.3(b)(3) because the defendant's conduct involved the use of a computer;

(c) the offense level is increased by 2 levels pursuant to § 2G1.3(b)(4) because the offense involved sexual contact.

For Count Two, the following provisions of the Sentencing Guidelines apply:

(a) Under § 2G2.2(a)(2), the base offense level is 22;

(b) Under § 2G2.2(b)(6), the offense level is increased by 2 because the offense conduct involving the use of a computer.

Based on his timely plea, the government agrees that Feliciano is entitled to a three-level decrease in offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

As discussed in the Pre-Sentence Report, the defendant is in Criminal History Category I based on his criminal history. As a result, the adjusted offense level is 29, and the guideline

range is 87 to 108 months. As discussed below, the government believes that a sentence of 108 months at the high end of the guidelines is appropriate.

## ARGUMENT

In *United States v. Booker*, 543 U.S. 220, 264 (2005), the Supreme Court made clear that sentencing courts should "consult [the Sentencing] Guidelines and take them into account when sentencing." *See also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence."). The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities[.]'" *Booker,* 543 U.S. at 264 (*quoting* 28 U.S.C. § 991(b)(1)(B)). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B); *Biheiri*, 356 F.Supp.2d at 594.

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The nature and circumstances of the offense are extremely serious. Feliciano targeted a 13 year old girl on Facebook. He communicated with her on a nearly daily basis. At times, he attempted to win her favor by doing things like help her with her homework. At other times, he threatened her by telling her he would kill himself if she did not do what he wanted or telling her that he was using the iPhone to track her movements. Through his constant communication and emotional manipulation, he convinced her to engage in sexually explicit conversations with him. The Juvenile also sent numerous sexually explicit images to Feliciano. This course of conduct culminated in Feliciano driving from New Jersey to Virginia to meet the Juvenile with the hope of engaging in sexually explicit activity with her.

Feliciano's conduct was not an accident, a spontaneous decision, a mistake, or fantasy. Rather, Feliciano's criminal conduct was intentional, planned, and deliberate. He invested a great deal of his time and energy into manipulating a Juvenile girl for his own sexual gratification. Feliciano's coercive behavior deserves a significant custodial sentence.

## CONCLUSION

Therefore, for the above-stated reasons, the United States submits that a sentence of 108 months in custody followed by ten years of supervised release is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

DANA J. BOENTE
United States Attorney

By:    /s/
     Matt J. Gardner
     Assistant United States Attorney
     Attorney for the United States of America
     United States Attorney's Office
     Justin W. Williams U.S. Attorney's Building
     2100 Jamieson Avenue
     Alexandria, Virginia 22314
     Phone: 703-299-3824
     Fax: 703-299-3981
     Email Address: matthew.gardner@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 5rd day of January, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF), and a copy has been sent via electronic mail to the following:

Geremy Kamens, Esquire
Office of the Federal Public Defender
1650 King Street
Suite 500
Alexandria, VA 22314
(703) 600-0800
Geremy_kamens@fd.org

And I hereby certify that I have sent the foregoing through electronic mail to the following individual:

Quentin T. Lowe
U.S. Probation Officer
401 Courthouse Square
Alexandria, Virginia 22314
703-299-2306
Quentin_lowe@vaep.uscourts.gov

/s/
Matt J. Gardner
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3824
Fax: 703-299-3981
Email Address: matthew.gardner@usdoj.gov